IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID WALLACE CROFT and SHANNON KRISTINE CROFT, parents of minor children, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-434-M |
| GOVERNOR OF THE STATE OF TEXAS, Rick Perry, and CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Carrollton-Farmers Branch Independent School District's Motion for Partial Dismissal of Plaintiffs' Original Complaint. For the reasons stated below, Defendant's Motion is GRANTED. However, Plaintiffs are granted leave until November 9, 2006, to amend their Complaint to plead the basis for any allegations they are making of "deliberate indifference."

### BACKGROUND

This case involves a constitutional challenge under the Establishment Clause of the First Amendment, made applicable to the State of Texas by the Fourteenth Amendment, to a state statute mandating "one minute of silence" in all public schools and the implementing policy issued by the Carrollton-Farmers Branch Independent School District ("School District"). Plaintiffs filed their Original Complaint on March 10, 2006, alleging claims under 42 U.S.C. § 1983.

1

In its Motion for Partial Dismissal of Plaintiffs' Original Complaint,[1] the School District construed Plaintiffs' Complaint to mount both a facial challenge and an as-applied challenge to the statute and policy. The Plaintiffs did not dispute this construction of their Complaint in their Response to the School District's Motion. The as-applied challenge, which the School District challenges in its Motion, is contained in Paragraph 9 of Plaintiffs' Original Complaint, which alleges:

> Plaintiffs have been informed by one of their children that on at least one occasion, when other children in the classroom are not being quiet during the one minute period mandated under [the statute], that their teacher has told them to be quite [sic] as this is a time for prayer.

## ANALYSIS

"The district court can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The Fifth Circuit "has consistently disfavored dismissal under Rule 12(b)(6)." *Id.* "In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Id.*

In moving to dismiss the Plaintiffs' as-applied challenge, the School District argues that the Plaintiffs fail to allege a policy, custom, or practice of the School District—a required element for a municipal liability claim under § 1983. The Fifth Circuit has held that, "[u]nder the decisions of

---

[1] Since briefing on this Motion was complete, the Plaintiffs have filed a Motion for Partial Summary Judgment against Defendant Rick Perry, to which Perry responded with a Cross Motion for Summary Judgment against Plaintiffs. The School District filed a joinder to Perry's Cross Motion for Summary Judgment. Those motions are not yet ripe for review.

the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). The identity of the "policymaker" for purposes of this test is a matter of state law, and under Texas law, the final policymaker of an independent school district, such as Defendant, is the school district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993).

The Court agrees that the only action that Plaintiffs allege the School District's board of trustees took was enacting the policy statement in accordance with the Texas statute mandating "one minute of silence." However, the Court does not agree with Defendant's conclusion that Plaintiffs' as-applied challenge is therefore necessarily duplicative of Plaintiffs' facial challenge to the policy. Without reaching the merits of Plaintiffs' facial challenge, the Court notes that "even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579 (quoting *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 407 (1997)). Here, Plaintiffs have alleged that the School District enacted a policy requiring "[e]ach teacher or other school employee in charge of the students during that period . . . to ensure that each student remains silent and does not act in a manner that is likely to interfere with or distract another student," Complaint ¶8, and that one of their children's teachers told the children in the classroom "to be quite [sic] as this is a time for prayer." Complaint ¶9. The Court finds that dismissal of Plaintiffs' as-applied challenge is appropriate because this single allegation, even if true, would not prove that the School District enacted the policy "with deliberate indifference to the 'known or

3

obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579.

However, the Court grants the Plaintiffs leave to file an amended complaint by November 9, 2006, to detail the basis for any allegations the Plaintiffs may be asserting that the School District acted with "deliberate indifference" in enacting its policy statement. The Supreme Court has warned that "[c]laims not involving an allegation that the municipal action itself violated federal law, or directed or authorized the deprivation of federal rights, present much more difficult problems of proof." *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 406 (1997). In order to prove that the School District has acted with "deliberate indifference," the School District's actions would have to constitute more than "simple or even heightened negligence." *Id.* at 407.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Partial Dismissal of Plaintiffs' Original Complaint and **GRANTS** the Plaintiffs leave to file an amended complaint by **November 9, 2006**, to plead the basis for any allegations they are making of "deliberate indifference."

**SO ORDERED.**

**DATED:** November 2, 2006.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS